UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEGRAND CANNON,<br>Plaintiff,<br>v.<br>SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | Case No. 15-cv-05014 NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; REMANDING TO THE SOCIAL SECURITY ADMINISTRATION**<br><br>Re: Dkt. No. 24 |

Claimant Michael Cannon appeals the ALJ's determination that he is not disabled. The Court finds that the ALJ's determinations as to Cannon's diagnoses, symptoms, and RFC determinations are consistent with substantial evidence. However, the Court finds that the ALJ committed a legal error in failing to address the testimony of Cannon's wife. Thus, the Court REMANDS to the Social Security Administration with instructions to address Mrs. Cannon's testimony.

## I. BACKGROUND

In April 2011, Cannon applied for a period of disability and disability insurance benefits, alleging a range of limiting symptoms, including fainting, dizziness, and numbness since 2009. Cannon believes that these symptoms are properly diagnosed as Lyme disease, but the Social Security Administration disagrees with this diagnosis. The agency initially denied the application in July 2011 and upon reconsideration in December

Case No. 15-cv-05014 NC

1    2011. A hearing was held in front of an ALJ in October 2012, and the ALJ denied
2    Cannon's claim. Subsequently, the Appeals Council vacated the denial and remanded to
3    the ALJ with instruction to the ALJ to discuss particular conclusions. Cannon submitted
4    additional medical exhibits, and two more hearings were held. The ALJ again denied the
5    application in November 2014. The Appeals Council affirmed this denial in August 2015.
6    Cannon appeals to this court.
7    　　　Cannon is 48 years old and was a janitorial salesperson until 2009. The
8    administrative record in this case is voluminous and the procedural history complex.
9    Cannon submitted supplemental records to the Social Security Administration over the
10   three years his case was pending. As shown in the records, Cannon suffered from syncope,
11   dizziness, and fatigue among other symptoms since an initial episode in 2009.
12   Significantly, Cannon was never consistently diagnosed with a severe physical ailment that
13   gave rise to his symptomatic concerns. As a result, Cannon presented the ALJ and this
14   Court with a panoply of opinions, symptoms, and complaints, which the ALJ had to sift
15   through in assessing whether any ailment individually or in combination met the criteria
16   for a disability determination. The ALJ considered a total of 53 medical exhibits and
17   testimony from three hearings. Ultimately, the ALJ issued a twenty-five page opinion
18   considering the record presented. The ALJ concluded that Cannon has the residual
19   functional capacity to perform medium work; however, the ALJ noted that Cannon should
20   avoid all exposure to industrial hazards and should not drive. According to the ALJ,
21   Cannon can perform his past work as a sales manager.
22   　　　Now, Cannon argues that the ALJ's opinion must be overturned as a matter of law
23   because it fails to provide adequate reasoning, improperly disregards testimony, and is
24   inconsistent with substantial evidence. The Social Security Administration disagrees.
25   　　　All parties have consented to the jurisdiction of a magistrate judge. Dkt. Nos. 11,
26   12.
27   //
28

## II. LEGAL STANDARD

A district court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

The decision of the Commissioner should only be disturbed if it is not supported by substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) ("[It] is more than a mere scintilla but less than a preponderance."). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995).

## III. DISCUSSION

Cannon challenges the ALJ's opinion that he is not disabled, arguing that the ALJ committed legal error and that some of the ALJ's conclusions are not supported by substantial evidence. Specifically, Cannon argues that: (1) the ALJ improperly discounted the opinions of Cannon's treating physicians; (2) the ALJ erroneously concluded that Cannon does not have Lyme disease; (3) the ALJ's opinion is contrary to social security regulations; (4) the ALJ improperly discounted Cannon's credibility; (5) the ALJ improperly rejected lay evidence; (6) the RFC findings are inappropriate and not supported by substantial evidence; and (7) the medical evidence supports a finding that Cannon is disabled. The Court addresses each argument in turn.

### A.   Opinions of Doctors Gordon and Anderson

Cannon argues that the ALJ improperly discounted the opinions of his treating doctors, Drs. Gordon and Anderson. Specifically, Cannon argues that the ALJ improperly rejected (1) the doctor's September 2013 RFC form opining that Cannon has Lyme disease (A.R. 2057-2068); (2) a letter opinion from the doctors (A.R. 2071); and (3) the doctors' opinions that Cannon suffered from significant cognitive and memory deficiencies (A.R. 2066).

Case No. 15-cv-05014 NC           3

In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Generally, more weight is given to the opinion of a treating physician than to that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995), *as amended* (Apr. 9, 1996). Similarly, the opinion of an examining physician is entitled to more weight than that of a non-examining physician. *Id*.

Where a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it must be given "controlling weight." 20 C.F.R. § 404.1527(c)(2). The Commissioner must provide "clear and convincing" reasons for rejecting the un-contradicted opinion of treating and examining physicians. *Lester*, 81 F.3d at 830. Where contradicted, the opinions of treating and examining physicians may only be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

An ALJ can reject an un-contradicted treating physician's opinion, "by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). An ALJ need not accept such an opinion if it is "brief, conclusory, and inadequately supported by clinical findings." *Id*.

Here, Drs. Wayne and Gordon opine that Cannon has Lyme disease and that several tests support this diagnosis. The ALJ details her concerns that (1) the medical tests used by the doctors are not approved by the FDA; (2) other tests for Lyme disease were negative; (3) medical expert Dr. Vu opined that the tests used do not support a diagnosis of Lyme disease; and (4) the limitations identified by the doctors about Cannon's ability to sit, stand, and move about are not supported by objective medical findings. Given the ALJ's detailed explanation for rejecting the doctors' opinions, the Court finds that the ALJ has adequately set out "a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Thomas*, 278

Case No. 15-cv-05014 NC            4

F.3d at 957.

### B. ALJ's Finding that Cannon did not have Lyme Disease

Cannon argues that the ALJ's conclusion that Cannon does not have Lyme disease is not supported by substantial evidence. Cannon points to the ALJ's reasoning that the record demonstrates no objective support for a diagnosis of Lyme disease. According to Cannon, this is inaccurate because some tests for Lyme disease were positive, and Drs. Gordon and Anderson based their diagnosis of Lyme disease on objective data.

Substantial evidence is evidence that a reasonable mind would accept as adequate to support the conclusion. *Bayliss*, 427 F.3d at 1214 n. 1. Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld. *Andrews*, 53 F.3d at 1039-40.

As noted above, the Court finds that the ALJ did not err in rejecting Drs. Gordon and Anderson's opinion of Cannon's diagnosis. In addition, even if Cannon did have Lyme disease, Cannon would still need to demonstrate that his diagnosis meets the severity requirements in 20 C.F.R. § 404.1508. Cannon admits that some tests for Lyme disease were positive and some were negative. Additionally, it appears that there is no consistency in the medical opinions about what objective bases there might be for diagnosing Lyme disease. Thus, the Court finds that the evidence in the record is susceptible to more than one rational interpretation. The Court will not second-guess the ALJ's conclusion about the weight of the evidence as to the Lyme disease diagnosis.

### C. Application of Social Security Regulations

Next, Cannon argues that the ALJ misapplied the Social Security regulations by not finding that Lyme disease is a severe impairment in the same way as chronic fatigue syndrome or fibromyalgia. In his reply, Cannon notes that "Defendant has not yet developed any special rules for evaluating Lyme disease (as Defendant has done with chronic fatigue syndrome and fibromyalgia), but Defendant did not respond to the argument that the Court might require such an evaluation just to be fair, because here there were also medical diagnoses of CFS." Dkt. No. 40 at 4-5. Cannon cites no law to suggest

Case No. 15-cv-05014 NC            5

the Court has such authority or to support why the Court should require the Social Security Administration to create a new rule to evaluate Lyme disease.

### D. Determination of Cannon's Credibility

Fourth, Cannon argues that the ALJ improperly discounted his statements about the duration and severity of his symptoms. An ALJ must use a two-step analysis to determine a claimant's credibility as to subjective pain or symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). An ALJ first decides if the claimant presented "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotations omitted).

If the claimant meets the first test, and the ALJ finds no malingering, the claimant's testimony regarding the severity of symptoms may only be rejected for "specific, clear and convincing reasons." *Id*. Where a credibility determination is a "critical factor" in the ALJ's decision, the ALJ must make an "explicit credibility finding" that is "supported by a specific, cogent reason for the disbelief." *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). "In weighing a claimant's credibility, the ALJ may consider his reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effects of the symptoms of which he complains." *Light v. Soc. Sec. Admin*., 119 F.3d 789, 792 (9th Cir. 1997).

Here, as noted above, the ALJ concluded that there was no objective medical evidence of an underlying impairment as to the diagnosis of Lyme disease. When the ALJ considered Cannon's history of medical treatment, the ALJ noted that Cannon did not show up for doctor's appointments, cancelled many, and was often unable to be contacted regarding test results. A.R. 45. The ALJ inferred that Cannon's behavior was inconsistent with his representation that his symptoms are severe. Additionally, in concluding that Cannon's testimony on the severity of his symptoms was not entirely credible, the ALJ discussed in detail every episode of medical concern that Cannon presented in the record.

The Court finds that the ALJ has not committed an error of law in discounting Cannon's credibility.

### E.  Lay Evidence

Cannon argues that the ALJ failed to mention his wife's sworn testimony about Cannon's daily habits. The Ninth Circuit has "held that competent lay witness testimony *cannot* be disregarded without comment, and that in order to discount competent lay witness testimony, the ALJ must give reasons that are germane to each witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (internal quotations and citations omitted). The Commissioner does not address this argument in its opposition.

At the hearing, Mrs. Cannon testified that her husband only has bursts of energy for physical activity once every two or three months. A.R. 162. She also testified that some doctors questioned Cannon's credibility about the severity of his symptoms when they had difficulty finding any underlying objective diagnosis. A.R. 162. Finally, she opined that Cannon is mobile and functional about 2 hours per day. A.R. 164. Because neither the ALJ nor the Commissioner address this argument, the Court finds that the ALJ committed legal error.

The Court finds that this error is not harmless because the Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Because the ALJ did not provide any reasons for disregarding Mrs. Cannon's testimony, the Court cannot assess whether the omission is harmless. Thus, the Court finds that REMAND is appropriate with instructions for the ALJ to assess Mrs. Cannon's testimony.

### F.  RFC Findings and ALJ's Consideration of Medical Evidence

Cannon's last arguments are that the ALJ's finding that Cannon had no severe mental impairments or significant limits in the mental RFC are not supported by substantial evidence. Also, Cannon challenges the ALJ's conclusion that Cannon could perform medium work with some limitations. The Court addresses these together. Because the Court found that the ALJ provided sufficient reasons above for discounting

Case No. 15-cv-05014 NC             7

Cannon's testimony and rejecting some of the opinions of the treating physicians, the Court finds that there is conflicting evidence in the record about Cannon's level of mental and physical fitness. However, the Court does not engage in a de novo review of the evidence presented and must defer to the ALJ's conclusions in how to parse out conflicting testimony. The Court does not find that the weight of clear evidence demonstrates that the ALJ's opinion is erroneous as a matter of law on the present record.

## IV.  CONCLUSION

The Court finds that the ALJ failed to consider the testimony of Cannon's wife and failed to give reasons for disregarding the testimony. On that single basis, the Court must REMAND the decision to the ALJ. In all other respects, the ALJ's decision is AFFIRMED.

**IT IS SO ORDERED.**

Dated:  February 15, 2017        _____
                                  NATHANAEL M. COUSINS
                                  United States Magistrate Judge